NOT DESIGNATED FOR PUBLICATION

Nos. 122,950
122,951
122,952

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHELLE LEE SIMPSON-NELSEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 26, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., BUSER, J., and WALKER, S.J.

PER CURIAM: Michelle Lee Simpson-Nelsen was convicted of possession of methamphetamine in three separate criminal cases. At sentencing, the district court granted a downward dispositional departure in each case and placed her on probation with underlying consecutive sentences totaling 57 months' imprisonment.

Simpson-Nelsen stipulated to violating her probation on three separate occasions which resulted in her serving intermediate sanctions. Subsequently, while on probation, Simpson-Nelsen stipulated to a new crime—possession of opiates—whereupon the

1

district court revoked her probation in all three cases and ordered her to serve the controlling 57-month sentence. She appeals.

Our court accepted this appeal for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not object to Simpson-Nelsen's motion for summary disposition.

On appeal, Simpson-Nelsen does not contest that she violated the terms of her probation. Instead, her sole contention is that the district court erred in revoking her probation and ordering her to serve the underlying sentence. But once a violation has been established, the decision to revoke probation is within the district court's discretion. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Unless the district court's decision results from legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Upon our review, we find the district court's decision was legally and factually appropriate. Under the statute governing probation revocations, the district court was permitted to impose Simpson-Nelsen's underlying prison sentences because she committed a new crime while on probation and her probation was originally granted due to a downward dispositional departure. See K.S.A. 2020 Supp. 22-3716(c)(7)(B), (C).

Since we conclude there was no legal or factual error in the district court's revocation of probation, we next consider whether the decision was unreasonable.

Upon our review of the record on appeal, we find the district court's imposition of imprisonment was not unreasonable. On the first three occasions Simpson-Nelsen was found to have violated her probation, she stipulated to numerous violations of probation conditions. In addition to stipulating that she committed a new drug crime at her fourth

probation violation hearing, Simpson-Nelsen also stipulated to failing to comply with the conditions of the district court's drug court.

All things considered, given her poor performance on probation, a reasonable person could agree that Simpson-Nelsen was not amenable to rehabilitation while on probation and that imposition of the controlling prison sentence was appropriate. We hold the district court did not abuse its discretion in revoking probation and imposing imprisonment.

Affirmed.